ORIGINAL

**THOMAS HANSEN**
105 Chapeg Street
Nederland, TX 77627
Phone (409) 300-1123
Email: thomasdhansen51@gmail.com

*Pro Se Litigant*

2021 MAY -3 PM 4: 12

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NOTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS HANSEN, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. **3-21CV1003- C** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

### ORIGINAL COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

1. Comes now Plaintiff Pro Se, THOMAS HANSEN, and pursuant to the Federal Tort Claims Act, 28 U.S.C. §§2671-2680, seeks compensatory damages arising from Defendant, United States of America's (hereinafter "Defendant") negligence in failing to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent similar health care providers.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1346(b), in that this is a claim against Defendant United State of America, for money damages, accruing on or after January 1st, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

Page 1 | 9

3.   Jurisdiction is founded upon federal law and is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. §2671, et seq.

4.   Plaintiff on or about June 4th, 2020, presented his FTCA Form 95 claim to South Central Regional Office (SCRO), the appropriate federal agency for administrative settlement in the amount of $25,000.00. By letter dated January 25th, 2021 (*See* Exhibits 1,2,3-4), Plaintiff's claim (Claim #TRT-SCR-2020-05097) was denied by SCRO by certified mail. Plaintiff's FTCA complaint for damages was then timely filed in this Court pursuant to 28 U.S.C. § 2401(b), in that it was presented to SCRO within the two-years of accrual, and this action was filed within six months of receipt of the certified letter from SCRO denying Plaintiff's claim. **1/**

5.   Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), as Defendant does business in this judicial district and the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

## PARTIES

6.   Plaintiff, Thomas Hansen, resides at 105 Chapeg Street, Nederland, TX 77627.

7.   At all times material to this action, Plaintiff was in the custody of the Bureau of Prisons (BOP) at the FCI Seagoville, Seagoville, Texas, a correctional facility owned and operated by the Defendant.

8.   Defendant is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of these BOP employees of the U.S. Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the plaintiff pursuant to the FTCA.

9.   At all times material to this action, Defendant was responsible for the correct and prompt response to the health care needs of inmates in its custody.

10.   At all times material to this action, Mr. Hansen was an inmate subject to the custody and control of the Defendant and subject to the care and treatment by the Defendant for any and all medical evaluation and treatment.

1/ Claimant filed first his BP8 in accordance with BOP Program Statement PS 1330.18. However, before he could continue with the **Administrative Remedy** exhaustion requirement process, was hospitalized in ICU due to severity of his **Staph MRSA** infection, and any further exhaustion requirements should be waved.

Page 2 | 9

11.  At all times material to this action, if Plaintiff required medical evaluation or treatment, his only avenue was to rely on the medical evaluation and treatment provided by the Defendant.

## STATEMENT OF CLAIM

13.  On 08.17.2018, when claimant awoke Friday evening at 6:30pm, he noticed a very red, painful and inflamed pimple on the upper right calf are had formed. Claimant requested permission to go to Health Services for medical help from the evening officer working Housing Unit-E, and was told medical is closed until Monday for sick call.

14.  On 08.18.2018, when claimant awoke Saturday morning, he notices the pimple had grown during the night into a significant sore in both size, irritation and oozing a yellowish fluid indicative to a Staph Infection (MRSA). When pill line was announced that morning, claimant reported to the pill line window requesting medical help for his infected sore and was instructed by pill line staff to report to sick call on Monday. Claimant returned again to pill line when announced at noon and that evening requesting medical help and instructed again to report to sick call on Monday morning.

15.  On 08.19.2018, when claimant awoke Sunday morning, the sore had grown in size again, with the outer edges gaining in redness, hardness and soreness, with an increase in seepage. Claimant went to pill line requesting medical help for his sore, and again was instructed to go to sick call on Monday. Claimant again repeated his request for medical help from pill line staff at noon and that evening, and again instructed to report to sick call Monday morning.  As outlined in Statement of the Claims 13, 14 & 15, Plaintiff was denied medical care for sixty (60±) hours.

16.  On 08.20.2018, claimant went immediately to sick call Monday morning.  There, claimant was examined by Nurse Practitioner Brockman (NP Brockman), and upon seeing the size, degree and scope of the infection asked claimant why he didn't report to sick call sooner. Claimant explained that his medical issue started Friday evening at approximately 6:30pm and was told by the evening shift officer working

housing Unit-E (See, Statement 1), there was no medical services available for inmates during the weekend. NP Brockman acted irritated upon hearing claimant was denied access to Health Service's for medical attention Page 3 | 9

throughout the weekend by these different staff members as outlined in statements 1, 2 & 3, by their noncompliance with numerous BOP policies, protocols, and procedures including inmates rights which provide **(a)** claimant having access to Health Services (HS) medical staff 24-hours a day, seven-days-of-week for medical help; **(b)** claimant having medical staff assess his medical problem/symptom's; and **(c)** medical staff consulting with the on-call medical staff member (NP Brockman), with claimant's symptoms' in order to be prescribed necessary and immediate treatment/care of claimant's Staph (MRSA) infection. NP Brockman apologized to claimant for having to wait throughout the weekend and having to wait so long at sick call when he realized how advanced and painful claimant's staph infection had become. NP Brockman immediately prescribed a prescription of antibiotics for fourteen days. NP Brockman instructed claimant to request additional materials to keep the infected wound area clean from the nursing staff as needed, and took a culture sample of the secreting materials to be sent for testing confirming MRSA.

17. On 08.23.2018, claimant awoke feeling physically and extremely ill, nausea, chills, shaking, and could not eat, spending the day in bed with barely enough strength to walk to pill line for his prescribed medication. While there, claimant requested from pill-line medical staff cleaning supplies to keep the infected area clean per NP Brockman's instructions on 08.20.2018 and was denied instructing claimant to request the needed supplies from pharmacy.  Claimant was forced to use toilet paper and old towels to clean the wound and discharge.

18. On 08.27.2018, claimant requested again cleaning supplies from pharmacy as he had been instructed to do on 08.20.2018, and was instructed to ask Nurse rills who was on duty.  Finally, after much searching, claimant found Nurse Rills and requested assistance explaining he needed cleaning supplies and outlining the instructions given to claimant by both NP Brockman on 08.20.2018, and pill line staff on 08.23.2018.  Nurse Rills denied claimant's request for much-needed medical supplies, quickly stating they

don't supply and medical supplies to inmates. Claimant then requested Nurse Rills to look at claimant's wound to see that claimant was in dire need of medical cleaning supplies in order to keep-the infected area

Page 4 | 9

clean, and she still refused to do so. Claimant again, informed Nurse Rills that NP Brockman instructions to claimant was to obtain the medical cleaning supplies from medical staff. Nurse Rills then said "I'll see about that" and told claimant to wait. When Nurse Rills returned, she stated NP Brockman had no recollection of instructing claimant to obtain cleaning supplies from medical staff. Nurse Rills then instructed claimant to leave medical.

19. On 08.28.2018, claimant returned to sick call to report not getting any medical cleaning supplies, worsening health condition and Staph infection spreading throughout claimant's leg. Claimant infected leg was examined buy nurse practitioner Ratcliff (NP Ratcliff) who then became seriously concerned how quickly and advanced claimant's infection had become. NP Ratcliff immediately placed a phone call to consult with another medical professional, where claimant was then scheduled additional injections over the next three (3) days, and instructed to NP Brockman on Friday 08.31.2018. Finally, claimant received the much-needed medical supplies to properly treat, clean and cover the infection. However, still nothing was done to address the disposal of claimant's infected materials or protecting other inmates in housing Unit E, or those inmate's claimant shared a cell in with or the general population from contracting the Staph (MRSA) infection.

20. On 08.30.2018, claimant was placed on the call-out roster to report to sick call at 7am. There, approximately at 9am, NP Brockman and NP Ratcliff examined claimant's infection and physical status and due to their concerns, requested Dr. Halla's assistance. Upon Dr. Halla's examination, immediately knew and stated that the claimant's condition had become critical and far past the abilities of the institution to properly treat claimant's Staph infection. Claimant was informed that he would now be provided the necessary medical treatment immediately. That afternoon, claimant was transported to and admitted to Dallas Regional Medical Center (DRMC) and was immediately administered IV fluids and antibiotic

medications, including blood samples, chest x-rays, urine samples and a complete medical work-up was initiated.

21. On 08.31.2018, Dr. Carroll, the attending physician, informed claimant his condition was quite serious and should've been hospitalized much sooner. Dr. Carroll explained the procedures and treatments

Page 5 | 9

claimant would be receiving while hospitalized at DRMC. Dr Carroll then informed claimant to the issues surrounding the abnormal functions with claimant's liver, kidneys and the overall deteriorated condition of claimant's health.

22. On 09.01.2018 through 09.13.2018, claimant was hospitalized at DRMC receiving IV medical treatment, including respiratory treatments and monitoring claimant's kidney and liver functions.

23. On 09.04.2018, at DRMC, due to the inflammation in claimant's testicles, required an ultra sound exam and medical treatments for urinary difficulties. Further, Ms. Williams, the officer on duty, who was not only uncooperative in allowing claimant to use the restroom when claimant was experiencing extreme pain but threatened claimant when claimant couldn't lie down in the hospital bed due to the pain. Finally, claimant was forced to call the nurse for assistance.

24. On 09.14.2018, claimant was transferred to Vibra Specialty Hospital (VSH) for continued treatments and rehabilitation. There, claimant received a surgically implanted plc-line to administer the IV fluids. Further, due to the inflammation in claimant's testicles, required an ultra sound exam and medical treatments for urinary difficulties. Further, Ms. Williams, the officer on duty, who was not only uncooperative in allowing claimant to use the restroom when claimant was experiencing extreme pain but threatened claimant when claimant could not lie down in the hospital bed due to the pain. Finally, claimant was forced to call the nurse for assistance.

25. On 09.24.2018, claimant was discharged returning back to FCI-Seagoville, Texas.

26. As a result of Defendant's failure to properly/correctly diagnose and timely treat claimant's Staph (MRSA) infection, Mr. Hansen endured unnecessary pain and suffering and was required to be transported to DRMC for urgent elevated medical care.

27. Defendant has in its employ and/or agency doctors, nurses and other medical care providers, over which it exercises control and supervision.   At all times material to this action, Defendant authorized each of these agents and its employees to act for Defendant when they committed the negligent acts alleged herein. Page 6 | 9

Defendant's agents and employees accepted the undertaking of acting on behalf of Defendant when they committed the negligent acts herein.

28. The negligent acts of Defendant's agents and employees were committed while acting within the course and scope of their employ and/or agency with Defendant. Thus, Defendant is vicariously liable for the actions, omissions and/or failures of its agents and employees when they committed the negligent acts alleged herein.

29. At all times material to this action, Defendant had a non-delegable duty to provide Plaintiff, Mr. Hansen, with reasonable medical care.  Accordingly, Defendant is also vicariously liable for the actions of contracted-with medical providers.

30. At all times material to this action, Defendant, by and through its staff, physicians, employees and/or agents, acting within the course and scope of their employment and/or agency, undertook a duty to render medical care to Plaintiff, Mr. Hansen, in a skillful and careful manner and in accordance with the accepted standards of medical care and treatment rendered in such cases by physicians in Dallas County, Texas or in any similar medical community.

31. At all times material to this action, Defendant, by and through its staff, physicians, employees and/or agents, acting within the course and scope of their employment and/or agency, negligently breached the duty of care owed to Plaintiff, Mr. Hansen, by failing to examine, diagnose, care for, and treat Mr. Hansen in accordance with the accepted standards of care.

32. The care and treatment of the Plaintiff, Mr. Hansen, by the Medical staff of the Defendant BOP at FCI-Seagoville, fell below the prevailing standard of professional care for a primary care physician in one or more of the following ways:

   a. Failure to timely, fully and properly document STAPH symptoms, despite repeated visits to the Defendant's Health Care Providers; and

   b. Failure to properly consider and/or diagnose the Plaintiff's excruciating and severe pain despite repeated visits to the Defendants Health Care Providers.

Page 7 | 9

33. As the direct and proximate result of the failure of Defendant's medical staff at FCI-Seagoville to properly diagnose and treat Plaintiff's STAPH, Plaintiff:

   a. suffered severe and excruciating pain;

   b. was on IV antibiotics; and

   c. suffered liver and kidney damage and testicle inflammation along with general deterioration of health.

34. It is more likely than not that if Plaintiff had been timely and properly treated when he first presented with STAPH indication, the need for transfer to DRMC for elevated, urgent medical care and treatment would have been unnecessary.

35. As the direct and proximate result of the negligence, carelessness, and medical malpractice of the Defendant's employees and contractors, Plaintiff has suffered pain, mental anguish, bodily injury, and permanent disability, and will continue to suffer pain, mental anguish, bodily injury, and permanent disability in the future.

36. WHEREFORE Plaintiff, Mr. Hansen, demands judgment against Defendant, United States of America, as follows:

   a. The sum of $25,000.00 or more;

   b. Costs of suit;

   c. Post-Judgment interest; and

   d. Such other relief as the court may deem just and proper.

Respectfully Submitted,

By: _____

**THOMAS HANSEN**
Plaintiff Pro Se
105 Chapel Street
Nederland, TX 77627
Phone (409) 300-1123
Email: Thomasdhansen51@gmail.com

Page 8 | 9

## CERTIFICATE OF SERVICE

I hereby certify that on __30th__ day of __April__ ,2021, I forwarded by regular mail a true and correct copy of Plaintiff's Federal Tort Claims Act Complaint addressed to: U.S. Attorney's Office, Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, Suite 300, Dallas, Texas 75242-1699.

By: _____

**THOMAS HANSEN**

JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| THOMAS HANSEN | UNITED STATES OF AMERICA |

**(b)** County of Residence of First Listed Plaintiff **JEFFERSON**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**RECEIVED**

MAY – 3 2021

CG

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE STATUS

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights ☒ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer     ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 2671-2680 FEDERAL TORT CLAIMS ACT

Brief description of cause:
DENIED ACCESS TO BOP HEALTH SERVICES TO TREAT STAPH INFECTION (MRSA) FOR SIXTY (60) PLUS HOURS.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $25,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____      SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

April 30th, 2021

RECEIVED

MAY - 3 2021

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**CLERK OF COURT**
United States District Court
1100 Commerce Street, Room 1452
Dallas, TX 75242
Phone (214) 753-2200

**RE: Thomas Hansen vs United States of America**
    **Federal Tort Claim Act (FTCA) 28 USC §§ 2671-2680**

Dear Clerk of Court:

Enclosed please find the original and two (2) conform copies of the below listed required documents for filing in the above-reference cause of action:

**1.** JS 44 Form – Civil Cover Sheet, original and two (2) copies;

**2.** AO 240 Form – Application to Proceed in District Court Without Prepayment Fees Or Costs (Short Form), original and two (2) copies;

**3.** AO 240A Form – Order to Proceed Without Prepaying Fees or Cost, original and two (2) copies,
    and;

**4.** Complaint For Damages Under The Federal Tort Claims Act, original and two (2) copies.

I have enclosed a self-addressed stamp envelope to return one (1) copy of each items **1-4,** with the **Court Stamp Filing Date** placed in the **upper right area** of these documents for my records.

Thank you for your time and assistance in the filing of the above-reference documents, I remain.

Respectfully,

*Thomas W. Hansen*

**THOMAS HANSEN**
105 Chapeg Street
Nederland, TX 77627
Phone (409) 300-1123
Email: thomasdhansen51@gmail.com
w/encls: Three (3) copies

File



FROM:
THOMAS HANSEN    (409) 300-1123
105 CHAPEG ST
Nederland TX 77627
US

TO Clerk of Court
United States District Court
1100 Commerce St Room 1452
Dallas TX 75242
(214) 753-2200

SHIP DATE: 30APR21
ACTWGT: 0.60 LB
CAD: 6999494/SSF02201
DIMMED: 12 X 9 X 1 IN

RECEIVED
MAY - 3 2021 (US)

FedEx
G

TRK# 7866 3349 9639

75242

9622 0019 0 (000 000 0000) 0 00 7866 3349 9639