IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS HANSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-1003-C-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Thomas Hansen, a former federal prisoner, brings this *pro se* action

against Defendant United States of America under the Federal Torts Claims Act (the

FTCA) alleging negligence by employees of the Federal Bureau of Prisons while he

was incarcerated at FCI Seagoville, a prison in this judicial district and division. *See*

Dkt. No. 3.

Senior United States District Judge Sam R. Cumming referred this case to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

As ordered, *see* Dkt. No. 5, Hansen filed an amended complaint [Dkt. No. 6],

which satisfied the undersigned that the Court should not, at least at this point, *sua*

*sponte* dismiss this case for lack of subject matter jurisdiction because Hansen did

not properly present his FTCA claim. *See, e.g.*, *Samuel v. United States*, 710 F. App'x

208, 209 (5th Cir. 2018) (per curiam) ("In light of the record before us, including the

Standard Form 95 submitted by Samuel to the Bureau of Prisons, Samuel fails to

show that the district court erred by holding that it lacked subject-matter jurisdiction because she had failed to present the claim in question to the agency." (citing 28 U.S.C. § 2675(a); *Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992))); *Barnes v. Gittel*, 650 F. App'x 236, 240 (5th Cir. 2016) (per curiam) (Compliance with Section 2675(a) "'is a prerequisite to suit under the FTCA.' … [And where a plaintiff] has not satisfied [this] 'jurisdictional prerequisite,' the district court properly dismisse[s] her claims for lack of subject matter jurisdiction." (citations and footnote omitted)); *cf. Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

And, by paying the filing fee, Hansen assumed the responsibility to properly serve each defendant with a summons and a complaint in accordance with Federal Rule of Civil Procedure 4. *See, e.g.*, FED. R. CIV. P. 4(i) (setting forth procedures for serving the United States and its agencies, corporations, officers, or employees); *see also* FED. R. CIV. P. 4(d) (regarding a defendant's waiving service).

But Hansen failed to show the Court that proper service was made (or a waiver obtained) by the 90th day after his filing of this action (on May 3, 2021) that was not a Saturday, Sunday, or legal holiday, which was Monday, August 2, 2021. *See* FED. R. CIV. P. 6(a)(1)(C).

The Court therefore entered an order on August 20, 2021 notifying Hansen that this case is "subject to dismissal without prejudice unless he shows both (1) good

cause for his failure to timely and properly effect service and (2) good cause for the

Court to extend the time for service for an appropriate period." Dkt. No. 7 at 2-3

(citing FED. R. CIV. P. 4(m)).

The order continued:

> Rule 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at \*1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).
>
> Accordingly, Hansen must file a response to this order by **September 13, 2021** that establishes both (1) good cause for the failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m).
>
> Failure to do so will result in a recommendation that this case be dismissed without prejudice. *See id.*; *see also* FED. R. CIV. P. 41(b).

*Id.* at 3.

It is now past the deadline set by the Court's order, and Hansen has failed to

obey the Court's order or otherwise contact the Court. The Court should therefore

dismiss this lawsuit without prejudice under Rule 4(m).

Further, Rule 41(b) "authorizes the district court to dismiss an action *sua*

*sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a

court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord*

*Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure

to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.

Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the August 20 order – in addition to leaving the

impression that he no longer wishes to pursue his claims – Hansen has prevented this action from proceeding and has thus failed to prosecute his lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is also warranted under these circumstances. Because the undersigned concludes that lesser sanctions would be futile, as the Court is not required to delay the disposition of this case until such time as Hansen decides to obey the Court's order or contact the Court, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and also *sua sponte* dismiss this action without prejudice under Rule 41(b).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: September 22, 2021

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE